The Attorney General is in receipt of your request for an official opinion wherein you ask: "Can a wheat grower vote in a district election who requests a refund on all or part of the 7 1/2 mills per bushel assessed?" Title 2 O.S. 1024 [2-1024](d) (1971) is determinative of your inquiry and provides in pertinent part: ". . . all growers who have paid a fee during the current year, as provided in Section 10 hereof, shall be eligible to vote in said meetings for their respective districts; provided, however, that all wheat growers in the state as defined in Section 3 (b) hereof shall be eligible to vote in the selection of nominees for the initial appointments to the commission . . . ." A plain reading of the above provision establishes legislative intent to set forth electorate qualifications, specifically that only those individuals coming within the statutory definition of a "wheat grower" who have paid the promotional fee can vote. It is well settled that absent constitutional infringement, the establishment of conditions or qualifications on the right to vote is within province of the Legislature. Swindell v. State Election Board, 168 Okl. 97, 32 P.2d 691 (1934). The provision, on its face, is not unreasonable; nor is it, standing alone, an infringement upon the privilege of sufferage. Your inquiry asked whether a request in and of itself is sufficient to disenfranchise an otherwise eligible electorate. The language of the provision is clear and unambiguous wherein it mandates that only "wheat growers" who have paid the fee can vote. Failure to meet either requisite condition results in disqualification. Payment of the fee meets a financial prerequisite relative to voting. The mere intent to recover such fee, as evidenced by a request, does not, per se, preclude an otherwise qualified elector from exercising his privilege to vote. A request, as contemplated here, only suggests a present intent to do or not do something. To request a refund is one thing; to actually receive one is another matter. The hypothetical, as posed, presupposes all statutory requirements relative to electors qualified to vote have been met. It merely sets into motion the process to recover the promotional fee assessed. The request does not guarantee such refund will be made. It is, therefore, the official opinion of the Attorney General that an individual may exercise his privilege to vote in a district election of the Wheat Commission until such time that his request for a refund has been acted upon in accordance with state law. (Ronald Lee Johnson)